UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GURJENT SINGH, A241 708 483,

Petitioner,

v.

MINGA WOFFORD, et al.,

Respondents.

No.  1:26-cv-00174-DJC-EFB (HC)

FINDINGS AND RECOMMENDATIONS

Petitioner, a noncitizen of the United States from India, entered the United States on August 20, 2022.  ECF Nos. 1 at ¶ 1; 1-3.[1]  He was briefly detained by the Department of Homeland Security (DHS) and subsequently released on an Order of Release on Recognizance (ROR).  ECF No. 1 at ¶ 1.  DHS served petitioner with a notice to appear charging him with removability on September 23, 2022; petitioner then filed an application for asylum.  *Id.* at ¶¶ 3-4.  Petitioner has since been employed and complied with all the conditions of his release.  *Id.* at 4.

Petitioner was detained by ICE on November 3, 2025.  *Id.* at 6.  According to petitioner, ICE intended to arrest a different individual with a criminal history, but still arrested and detained petitioner after confirming petitioner's identity and his full compliance with the conditions of his lawful release.  *Id.*

---

[1] Petitioner's verified petition and the attached exhibits establish the facts articulated in this section.  A court "may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit."  *L. v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003) (citing *McElyea v. Babbitt,* 833 F.2d 196, 197–98 (9th Cir. 1987)).

1

Petitioner subsequently filed a petition for writ of habeas corpus and a motion for temporary restraining order (TRO). ECF Nos. 1 and 2. The district court converted the TRO motion into a motion for a preliminary injunction and granted it, ordering petitioner released immediately. ECF No. 8. The district court also enjoined respondents from re-arrest or re-detention of petitioner, absent compliance with constitutional provisions, including notice and a timely hearing. *Id.*

This matter was referred to the undersigned for any remaining proceedings, and the undersigned ordered respondents to file an answer to the petition. ECF No. 9. Respondents subsequently filed a motion to dismiss and answer (ECF No. 10)[2], which petitioner opposed. ECF No. 11. For the following reasons, the undersigned recommends that respondents' motion to dismiss be DENIED and the petition for writ of habeas corpus be GRANTED.

**LEGAL STANDARD**

The federal court should grant a writ of habeas corpus under 28 U.S.C. § 2241 when the petitioner is in custody in violation of the Constitution or federal law. *See, e.g., Dominguez v. Kernan*, 906 F.3d 1127, 1134 (9th Cir. 2018). The petitioner bears the burden to prove the unlawfulness of his detention by a preponderance of evidence. *Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025).

**DISCUSSION**

Respondents' sole opposition to the petition for writ of habeas corpus is that petitioner is an "applicant for admission" who is subject to mandatory detention by ICE pursuant to 8 U.S.C. § 1225(b)(2). ECF No. 10. Respondents do not make any arguments in addition to those they made in opposition to petitioner's motion for injunctive relief. ECF No. 6. The district court has already addressed those arguments, finding that respondents had not "identified any material factual or legal issues in this case that render this case distinct from [] prior cases" such as *Singh v. Andrews*, No. 1:25-cv-01543-DJC-SCR; *Mariagua v. Chestnut*, No. 1:25-cv-01744-DJC-

---

[2] Although respondents have captioned their brief as a motion to dismiss and a response to the petition, their two-page brief requests denial or abeyance of the petition and does not state separate grounds upon which to dismiss the petition. ECF No. 10. Therefore, the court will consider the petition on the merits.

CSK; *Ortega v. Noem*, No. 1:25-cv-01663-DJC-CKD; and *Souza v. Robbins*, No. 1:25-cv-01597-DJC-JDP.  ECF Nos. 8 and 4.

Petitioner has met his burden to prove the unlawfulness of his detention by a preponderance of the evidence.  *Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025).  In granting preliminary injunctive relief and ordering that petitioner be released from detention, the district court found petitioner had shown a likelihood of success on the merits of his claims.  ECF No. 8.  In so doing, the district court also found that petitioner had a clear liberty interest in his continued release.  *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *see also M.B. v. Noem*, No. 1:26-cv-00005-DJC-AC, 2026 WL 74155 * 3 (E.D. Cal. Jan. 9, 2026) (finding that previously-released detainee was entitled to due process prior to re-detention and also had a substantial liberty interest in maintaining his out-of-custody status).

As noted *supra*, respondents' answer to the petition offered no additional factual nor legal challenges to the court's analysis and conclusions contained in its earlier orders.  *See* ECF Nos. 4, 8.  Accordingly, the undersigned concludes that petitioner has shown by a preponderance of evidence that he is entitled to relief.[3]

Respondents request that, if the petition is not denied, that it be held in abeyance pending the decision in several Ninth Circuit appeals addressing the due process issues in this case, including *Rodriguez v. Bostock*, Ninth Circuit Dkt. No.25-6842 and *Benavides Carballo v. Andrews*, Ninth Circuit Dkt. No. 25-6533 (E.D. Cal. 1:25-cv-00978-KES-EPG).  Where, as here, the court finds that petitioner has succeeded on the merits of his claims, it will not delay issuing petitioner relief on the prospective chance a pending appeal might change the outcome of a claim. The undersigned thus concludes that respondents' request for abeyance should be denied.

---

[3] The undersigned notes that, in addition to the cases cited by the district court in its earlier orders, multiple other courts have come to the same conclusion regarding the process due to non-citizens released on parole.  *See Hall v. Nessinger,* No. 25-CV-667-JJM-PAS, 2026 WL 18583, at *7 (D.R.I. Jan. 2, 2026); *Hernandez-Castro v. Lyons*, No. 1:25-CV-01574 JLT SAB, 2025 WL 3771344, at *8, n.10 (E.D. Cal. Dec. 31, 2025); *Tran v. Hyde*, No. 25-CV-12546-ADB, 2025 WL 3724853, at *2 & n.2 (D. Mass. Dec. 24, 2025); *Pham v. Noem et al.*, No. 5:25-CV-03373-MEMF-PD, 2025 WL 3763374, at *4 (C.D. Cal. Dec. 22, 2025); *Nguyen v. Noem, et al.*, No. 8:25-CV-02654-HDV-DSR, 2025 WL 3898489, at *4 & n.3 (C.D. Cal. Dec. 19, 2025); *Asfestani v. Current or Acting Field Off.*, No. 1:25-CV-1562-SCR, 2025 WL 3677321, at *5 (E.D. Cal. Dec. 18, 2025).

**RECOMMENDATIONS**

For the foregoing reasons, the court RECOMMENDS that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2. Respondents' request for abeyance and motion to dismiss be DENIED.

3. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner without a pre-deprivation bond hearing before a neutral adjudicator, who possesses authority to order release, at which the Government must prove by clear and convincing evidence that petitioner is a flight risk or danger to the community such that his physical custody is required.

4. The parties be ordered to file a joint statement within seven days of the date of this order confirming that petitioner has been released from detention, in accordance with ECF No. 8.

5. Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 6, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4